426 A.2d 153

**Arthur H. REMIC and Elizabeth Remic, his wife, (Plaintiffs), Appellants at No. 478,**

v.

**Floyd M. BERLIN and Lucille A. Berlin, his wife, (Defendants), Appellants at No. 479.**

Superior Court of Pennsylvania.

Argued Oct. 25, 1978.

Filed Feb. 27, 1981.

490

A. C. Scales, Greensburg, submitted a brief on behalf of Remic, appellants at No. 478 and for appellees at No. 479.

William D. Boyle, Greensburg, for Berlin, appellants at No. 479 and for appellees at No. 478.

Before PRICE, HESTER and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from the order of the Court of Common Pleas of Westmoreland County and concerns plaintiff-appellants' appeal from an order that dismissed appellants' exceptions to a previous order which apportioned assets of a partnership which had existed between appellants and appellees.

The record reveals that plaintiff Arthur H. Remic and defendant Floyd M. Berlin had entered into an oral partnership agreement. The partnership was a business venture which sought to mine and strip coal, manufacture coke, sell cinders and red dog, develop land, and to conduct a general construction business. Each partner was to contribute an equal amount of capital towards the venture and they were to share equally in any profits. (The parties' wives are joined in this action because certain real estate was held in joint names of both of the parties and their wives). Despite the existence of the partnership agreement defendant did nothing to further the interests of the partnership nor did he contribute the agreed-upon capital to the project thereby breaching the agreement. On June 19, 1962, plaintiff Arthur Remic filed a Bill of Complaint for Partnership Dissolution and Accounting against the defendants. The defendants filed preliminary objections to the complaint which were ultimately dismissed, attempts at negotiating a settlement between the parties proved fruitless, and it was not until April 14, 1970 that the court appointed a Commissioner

to take testimony on the case and recommend findings of fact and conclusions of law on the matter to the court.

After taking testimony, the Commissioner found; that the partnership agreement existed between the parties; that defendant Floyd M. Berlin had breached the partnership agreement; that Remic *had* furthered the purposes of the partnership; and that the inordinate delay in resolving the matter had been caused by the defendants. He then proceeded to award various items to the plaintiffs. One of the items recommended by the Commissioner was the award of the sum of $20,000 to the plaintiff Arthur H. Remic for damages for breach of the agreement by Floyd M. Berlin. In its order, however, the court below failed to include the $20,000 sum in its award to plaintiffs, which omission the plaintiffs now appeal. In addition, plaintiffs allege that the court below erred in failing to award interest and court costs to them, in failing to direct the defendants to transfer the remaining partnership real estate to the plaintiffs and crediting the defendants with one-half of its value and in failing to take into account the fact that certain checks awarded to plaintiff had, through the negligence of the defendants, reverted to the Commonwealth and became valueless.

We agree with plaintiff's contentions. When the dissolution of a partnership is caused in contravention of the partnership agreement then each partner who has not caused dissolution wrongfully shall have the right to damages against each partner for breach of the agreement. *Act of December 19, 1975, P.L. 524, No. 155, 31, 59 Pa.C.S.A. 360(b).* In the instant case the plaintiff fulfilled the terms of the oral partnership agreement and the defendant breached the agreement. Thus the plaintiff is entitled to a finding assessing damages against the defendant. See *Wolf v. Baltimore*, 250 Pa.Super. 230, 378 A.2d 911 (1977).

The safest and fairest way for a court to decide questions pertaining to interest is according to a plain and simple consideration of justice and fair dealing. *Murray Hill Estate v. Bastin*, 442 Pa. 405, 276 A.2d 542 (1971). Since

plaintiffs are entitled to damages from defendants for breach of the agreement and because it was found as a fact that defendants' dilatory tactics caused financial harm to plaintiffs we also find that plaintiffs are entitled to interest for deprivation of their money and property since June 19, 1962 (the date of dissolution of the partnership).

*Pennsylvania Rules of Civil Procedure, Rule 1526* provides as follows:

"Costs shall follow the decree unless the court directs that they shall be paid in whole or in part by some other party to the action or out of a fund for distribution."

■ In the instant case, the court below did not provide for the payment of costs by the defendants. Because of the defendants' dilatory tactics throughout the proceedings and because it was the defendants who breached the agreement, we find that costs should have been assessed against the defendants.

■ The lower court also failed to take into account that certain of the checks totalling $2,552.82 awarded to the plaintiffs were uncollectible due to the neglect of the defendants. In rendering its award order, the court below should also take this fact into consideration and enter its award accordingly.

■ The court below also failed to deal with the partnership real estate set forth in Paragraph 9 of the Report of the Commissioner the amount of which was listed as $42,500. Since this real estate was found to be partnership property, the court below should have dealt with this property since it now remains in the hands of the partnership which has been dissolved.

For all of the above reasons, we reverse the order of the court below and remand this matter to the court below for determination of the issues set forth in this opinion.

Order of the court below reversed and the matter remanded for further proceedings consistent with this opinion.