## Tobias v. McCrea

*Daniel Stern*, for plaintiff.
*John McCrea III*, for defendant.

BAYLEY, *J.*, March 7, 1985 — On March 16, 1984, this court entered an order of summary judgment on liability against defendant upon plaintiff's claim alleging legal malpractice. We found that defendant had been retained by plaintiff as an attorney to prosecute an action in trespass against one William F. Neil for damages suffered in an automobile accident occurring on January 11, 1973. Although defendant had obtained an offer of settlement in the amount of $3,500, he provided plaintiff with a professional opinion that a jury would award a verdict in an amount between $5,000 and $6,000. He then instituted a suit in trespass by filing a praecipe for a writ of summons on January 13, 1975, beyond the applicable two-year statute of limitations for personal-injury claims. The suit was ultimately dismissed by the court of common pleas pursuant to Pa. R.J.A. 1901 when defendant failed to prosecute the plaintiff's claim.

Plaintiff filed her complaint in this legal malpractice action on September 19, 1983. On February 18,

1985, a jury returned a verdict in favor of plaintiff in the amount of $5,611. This sum represented the jury's determination of the amount that plaintiff would have been able to recover from William Neil had defendant seasonably proceeded with the trespass case against Neil.

Plaintiff asks us to mold the verdict by awarding delay damages pursuant to Pa.R.C.P. 238, and award pre-judgment interest. Pa.R.C.P. 238 provides:

"(a) Except as provided in subdivision (e), in an action seeking monetary relief for bodily injury, death or property damage, or any combination thereof, the court or the arbitrators appointed under the Arbitration Act of June 16, 1836, P.L. 715, as amended, 5 P.S. §30 et seq., or the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, 40 P.S. §1301.101 et seq., shall (1) add to the amount of compensatory damages in the award of the arbitrators, in the verdict of the jury, or in the court's decision in a nonjury trial, damages for delay at 10 percent per annum, not compounded, which shall become part of the award, verdict or decision."

A complaint against defendant McCrea was for damages sustained as the result of legal malpractice. This was not an action seeking monetary relief for bodily injury, death or property damage or any combination thereof and accordingly does not fall within the category of cases under which damages for delay are awardable pursuant to Pa.R.C.P. 238.

Interest has been held recoverable on a claim arising from an attorney's negligence. See Annotation at 45 A.L.R. 2d 70 et seq., citing McLellan v. Fuller, 226 Mass. 374, 115 N.E. 481 (1917); Childs v. Comstock, 69 App. Div. 160, 74 N.Y.S. 643 (1902), and Armstrong v. Adams, 102 Cal. App. 677, 283 P. 871 (1929).

In Pennsylvania, the general rule is that unliquidated demands do not bear interest absent an express or clearly implied agreement that they should do so, or unless the factual situation is such that under the principles of equity, interest should be allowed to accomplish justice. See 19 P.L.E. Interest, §4, citing Remic v. Berlin, 284 Pa. Super. 489, 426 A.2d 153 (1981), and Sack v. Feinman, 489 Pa. 152, 413 A.2d 1059 (1980).

Plaintiff in her prayer for relief sought pre-judgment interest. Under the facts of this case we feel that to deny plaintiff interest would work a grave injustice in that the financial harm caused by defendant's failure to prosecute to conclusion plaintiff's damage claim would in part be borne by plaintiff rather than defendant. It should be remembered that plaintiff's claim is not one of interest on a judgment for personal injuries but rather for the loss of money damages she would have obtained but for defendant's malpractice. Accordingly, it is just and fair to mold the jury's verdict to award pre-judgment interest from January 13, 1975, the date defendant missed the statute of limitations.

Interest in Pennsylvania is calculated at the rate of 6 percent per annum.* The jury's verdict of $5,611 calculated at 6 percent per annum, noncompounded, from January 13, 1975 to the date of the verdict on February 18, 1985, is $3,371.20.

We further tax as costs the sum of $82.50 pursuant to this court's order of September 27, 1984 imposing sanctions in the form of costs upon defendant for failure to comply with various discovery requests of plaintiff.

---

* Act of January 30, 1974, P.L. 13, §202, 41 P.S. §202.

## ORDER OF COURT

And now, this March 7, 1985, for the reasons set forth in the above opinion, the verdict of the jury in the amount of $5,611 is molded to include pre-judgment interest in the amount of $3,371.20, for a total verdict of $8,982.20. Additional costs are taxed against defendant in the amount of $82.50.