## Kehrer v. Nationwide Insurance Company (No. 2)

*Joseph F. Roda,* for plaintiff.
*Richard B. Wickersham,* for defendant.

FARINA, *J.,* July 5, 1995—Before the court is defendant Nationwide Insurance Company's motion to strike plaintiffs' demand for a jury trial. Plaintiffs brought the underlying action against Nationwide pursuant to 42 Pa.C.S. §8371, a statutory provision that establishes a cause of action against and affords remedies for an insurance company's bad faith toward its insured. For the reasons that follow, we deny defendant's motion and hold that, under 42 Pa.C.S. §8371, plaintiffs have the right to a jury trial on the issues of bad faith and punitive damages.

In an action arising under an insurance policy, 42 Pa.C.S. §8371 provides as follows: "if the *court* finds that the insurer has acted in bad faith toward the insured, the *court* may take all of the following actions: (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3 percent. (2) Award punitive damages against the insurer. (3) Assess court costs and attorney fees against the insured." 42 Pa.C.S. §8371. (emphasis added)

Defendant Nationwide contends that section 8371 precludes a jury trial because the language refers to "court" and not "jury." Defendant relies on the definition of the word "court" in 42 Pa.C.S. §102, which

defines "court" as "one or more of the judges of the court who are authorized by general rule or rule of the court, or by law or usage, to exercise the powers of the court in the name of the court." For reasons that follow, we conclude that, as a matter of statutory construction, the word "court" as used in section 8371 does not refer automatically to judge alone. Rather, the meaning of the term "court" must be viewed in light of the context in which it appears and must be interpreted with reference to its customary and contemporary usage.

Our analysis begins with an examination of other statutory provisions in which the legislature has specified proceedings to be conducted by the "court," but under circumstances that call into question whether "court" always has the meaning ascribed to it by legislative definition. We know from historic and contemporary usage, that a judge, and not a jury, decides issues of fact in juvenile proceedings brought pursuant to the Juvenile Act. In addition, we know from custom that only a judge, and not a jury, decides matters of family law pursuant to the Domestic Relations Code, with the exception of paternity suits. See *e.g.*, 23 Pa.C.S. §4343(a) (paternity trials may proceed by jury trial upon demand therefor). Accordingly, when we read the term "court" in a section of the Juvenile Act that deals, for example, with informal hearings, 42 Pa.C.S. §6332, or in the section of the Domestic Relations Code that addresses child custody awards, 23 Pa.C.S. §5303(a), we know that it refers to judge alone.

Despite our understanding of a judge's exclusive role in juvenile and domestic relations proceedings, the Pennsylvania Legislature expressly stated that some of these proceedings are for the court "without a jury." For instance, in 42 Pa.C.S. §6336, the legislature stated

4

that "[h]earings under this chapter [of the Juvenile Act] shall be conducted by the court *without a jury. . . .*" (emphasis added) Similarly, in 23 Pa.C.S. §1308(b), the legislature explained that, "the [denial of an] application from a marriage license shall be heard by a judge of the court, *without a jury,* in court or in chambers at the earliest possible time." (emphasis added) The legislature's qualification of the term "court" in the two latter contexts, and its failure to similarly qualify the term "court" in the context of so many other juvenile and domestic relations proceedings highlights an ambiguity in the meaning of the term "court." In the two latter contexts, the legislature must have viewed the term "court" as a tribunal composed of a judge and a jury. Had the legislature viewed the term "court" otherwise, it would not have so specifically excluded the jury, but would have relied upon the relevant definition for the term's definitive meaning as delineated in 42 Pa.C.S. §102 and 23 Pa.C.S. §102.

It is because of the legislature's ambiguous treatment of the term "court" that we may not rely with confidence on defendant's argument that "court," as it is used in section 8371, refers exclusively to a judge. Rather, in the absence of a more clear legislative mandate, we believe that "court" refers to the forum in which an action may proceed and that a "court" is a "tribunal or judicial agency of government that is separate from the individuals who compose it. . . ." *Harper v. Pennsylvania National Insurance Co.,* no. 923-91, slip op. at 11 (Blair County, C.P. October 9, 1991) (Kopriva, J.), citing *Commonwealth v. Cannon,* 387 Pa. Super. 12, 23, 563 A.2d 918, 923 (1989), *alloc. denied,* 525 Pa. 597, 575 A.2d 564 (1990). Thus, whether the in-

dividuals who compose the tribunal include a jury, a judge or both, depends on the context in which the term "court" appears.

In concluding that the surrounding context and contemporary use of the term "court" is important in determining the meaning of "court," we do not ignore the statutory definitions of "court." The definition of "court" varies in many of the contexts described above. For instance, as it applies to both sections 6332 and 6336 of the Juvenile Act, the definition of "court" is simply the "court of common pleas." The "court of common pleas" is defined in the general provisions of title 42 as "[t]he court existing in each judicial district under Section 5 of Article V of the Constitution of Pennsylvania and Chapter 9. . . ." 42 Pa.C.S. §102.

The definition of "court," as it applies to sections 1308(b) and 5303(a) of the Domestic Relations Code, is as follows: "[t]he court or district justice having jurisdiction over the matter under title 42 (relating to judiciary and judicial procedure) exercised as provided in title 42 or as otherwise provided or prescribed by law." 23 Pa.C.S. §102(a).

As noted by defendant, the definition of "court" as applied to 42 Pa.C.S. §8371 is "one or more of the judges of the court who are authorized by general rule or rule of the court, or by law or usage, to exercise the powers of the court in the name of the court." 42 Pa.C.S. §102.

We do not believe that these definitions in any way alter our analysis. Despite the different definitions of "court," the court in which many domestic relations and juvenile issues are brought is the court of common pleas. Similarly, the court of common pleas is the forum for the instant action. This commonality of forum high-

lights the ambiguity created by the legislature. More than any other state court, the court of common pleas is understood as a tribunal with the institutional components of both judge and jury. See *Harper v. Pennsylvania National Insurance Co., supra.* When a cause of action falls within the jurisdiction of the court of common pleas, and the legislature has used both "court" or "court without a jury" to mean judge alone, the legislature has created an inherent ambiguity. Accordingly, the only way to determine the meaning of "court" is to inquire into the context surrounding the term "court" and its common and contemporary usage.

So viewing the term "court" in 42 Pa.C.S. §8371, we hold that the issues of bad faith and punitive damages are to be decided by a jury. It is within the province of a jury, in its role as fact finder, to determine whether and in what amount punitive damages are to be awarded. *Gray v. H.C. Duke and Sons Inc.,* 387 Pa. Super. 95, 103, 563 A.2d 1201, 1205 (1989). See also Restatement (Second) of Torts §908. In viewing the term "court" as it relates to awards of interest, costs and attorneys' fees, we hold that the term "court" in section 8371 refers to the judge, because the awarding of such remedies is within the equitable power of a presiding judge, *Pennsylvania Association of State Mental Hospital Physicians v. State Employees' Retirement Board,* 87 Pa. Commw. 108, 115, 483 A.2d 1003, 1007 (1984), citing *Bata v. Central-Penn National Bank of Philadelphia,* 448 Pa. 355, 379 n.29, 293 A.2d 343, 356 n.29 (1972), *cert. denied,* 409 U.S. 1108 (1973), *reh'g. denied,* 410 U.S. 960 (1973) (stating that awards of attorneys' fees and costs are within the equitable power of court); *Remic v. Berlin,* 284 Pa. Super. 489, 492, 426 A.2d 153, 154

(1981) (stating that the questions about interest are decided pursuant to principles of justice and fair dealing), and because they involve mathematically fixed expenses.

Finally, in support of its motion, defendant contends that there is no constitutional right to a jury trial pursuant to section 8371 because there is no common law basis for a bad faith action against an insurance company. See *e.g., D'Ambrosio v. Pennsylvania National Mutual Insurance Co.,* 494 Pa. 501, 431 A.2d 966 (1981). Because we have resolved the jury trial issue on grounds of statutory construction, we do not reach the constitutional issue raised by defendant.

Accordingly, we enter the following:

### ORDER

And now, July 5, 1995, upon consideration of defendant's motion to strike plaintiffs' demand for a jury trial, and the briefs and oral arguments of the parties in regard thereto, the court orders and directs that defendant's motion is denied.