## Com. of Pa. *v.* Claney, Appellant.

Argued April 9, 1934.

Before, TREX-LER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ. Judges KELLER, BALDRIGE and PARKER dissent.

*R. Sturgis Ingersoll,* and with him *Dudley T. Easby, Jr.,* and *J. Herbert Egan,* for appellant, cited:

*David E. Groshens,* and with him *Harry M. Sablosky,* Assistant District Attorneys, and *Stewart Nase,* District Attorney, for appellee.—

OPINION BY TREXLER, P. J., July 13, 1934:

This is a prosecution brought by the Commonwealth of Pennsylvania against the defendant, the executive-vice-president and the former vice-president of the closed Merion Title and Trust Company of Ardmore, Pennsylvania, for alleged misapplication of bank funds and other charges of the same nature, which it is not necessary here to set out.

The defendant was found guilty and it is admitted that there was sufficient evidence to take the case to the jury. The trial lasted practically four weeks, and about 1,900 pages of testimony were taken. After the speeches of counsel had been delivered to the jury, President Judge J. AMBLER WILLIAMS, the Trial Judge, at 12 o'clock noon on May 26, 1933, excused the jury until the 31st day of May when the charge was to be

given. Between the above dates he was taken seriously ill with pneumonia, and was unable to attend to any official business and continued to be incapacitated until the following September. Daily copies of the testimony having been taken the remaining judges of the court below directed the jury to return on June 2nd, and Judge Corson, after having previously read the testimony, delivered the charge to the jury and verdicts of guilty were entered on the counts set forth upon the record. Proper objection was made at the time by the defendant to the procedure of having the jury charged by a judge other than the one who heard the testimony and the arguments of counsel.

The only matter we need consider is whether the substitution of another judge, under the circumstances above narrated, over the defendant's objection, for the purpose of charging the jury and receiving the verdict, and disposing of the motions in arrest of judgment and new trial and imposing sentence, was authorized. The matter has not been passed upon directly in our state. In the Federal Court, Freeman v. the U. S., 237 Federal Rep. 815, s. c. 237 id. 815, similar circumstances arose and the court decided that the substitution of another judge for the trial judge, who had become incapacitated, rendered all subsequent proceedings nullities, and in 16 C. J. 813, it is stated that such substitution vitiates the proceedings quoting the Freeman case, supra, Durden v. Peo., 192 Ill. 493, 61 NE 317, 55 LRA 240; Mason v. State, 26 Oh. Cir. Ct. 535. Under our present Constitution, by Article 1, Section 6, it is provided that, ''Trial by jury shall be as heretofore and the right thereof remain inviolate.'' The court is not properly constituted for the trial of indictable offenses until there is a judge and a jury. Our state recognizes that the trial judge enjoys the privilege of commenting upon the testimony and the credibility of the witnesses, and when certain

situations present themselves it is his duty to do so although the final determination of the credit to be given is with the jury. A judge, who is called to fin‚ish a case with which he has not come in contact before, does not occupy the same position, even if he has read the testimony as taken by the stenographer, as one who actually participated in the trial of the case. There are matters transpiring in a trial which do not appear upon the record, but which may be a proper subject of comment on the part of a trial judge. A judge has the undoubted right to state to a jury that they had a right to observe the hesitancy of a witness, his apparent confusion when confronted with certain statements and his manner on the stand generally. It will be observed that, in the present case, the addresses of counsel were addressed to the jury in the presence of Judge WILLIAMS, who was unable to finish the case. It does not appear that there was any stenographic report of what they said. It may some times be the duty of a judge in his charge to the jury, without any request, to comment upon some statement made by the attorney to the jury in order to remove some false impression which may have been inadvertently or designedly created.

There are cases in other states which have allowed the substitution of a judge where the defendant has consented. We find no Federal decisions which allowed such substitution even where such consent was given. We are not met with the question of consent because in the present case, as stated, the defendant objected to a substitution. "A trial by jury is a trial by a jury of twelve men, in the presence of and under the superintendence of a judge empowered to instruct them on the law and to advise them on the facts." Capital Traction Co. v. Hof, 174 U. S. 1, 13. A judge who does not hear the testimony cannot advise a jury on the facts. The facts of a case only partially appear in the transcript of the testimony.

We cannot decide the question whether the defendant was benefited or hurt by the substitution. We may presume that in the present case it made no actual difference, but the question before us is the right of the defendant to have the same judge throughout the trial and the *possibility* of his being injuriously affected. Judge ROGERS in the case of Freeman v. U. S., supra, stated "A trial judge should have before him all the evidence that is before the jury, and he does not have it all before him if the jury has seen and heard the witnesses give their testimony upon the stand, while he has only read it as recorded in the minutes. Witnesses seen and heard by the jury must be seen and heard by the judge. ...... In a criminal case trial by jury means trial by a tribunal consisting of at least one judge and twelve jurors, all of whom must remain identical from the beginning to the end. It is not possible for either the government or the accused or for both, to consent to a substitution either of one judge for another judge, or of one juror for another juror. The continuous presence of the same judge and jury is equally essential throughout the whole of the trial. Blend v. People, 41 N. Y. 604; People v. Shaw, 63 N. Y. 36; Hinman v. People, 13 Hun. (N. Y.) 266, and People v. McPherson are to the same effect. In Durden v. People, supra, a substitution was made before the closing arguments and the judge who took the place of the trial judge read the charge to the jury which had been approved by the judge, and the court there commented upon the fact to which we have already alluded: "It is, however, impossible for us to say that no injury resulted to this plaintiff in error from the substitution ...... of one judge for another during the trial of the cause ...... It cannot be known what impression this change may have made upon the jury to the prejudice of the plaintiff in error. Mason v. State, supra, has an identical

comment.   See also McKenney v. Wood, 108 Maine
335.   The cases cited by the appellee, People v. Henderson, 28 Calif. 466; State v. McCray, 109 Iowa 1239, 179 N. W. 627; York v. State, 121 S. W. 1070 Ark., are all cases where the consent of the defendant was had.

Judge CORSON, in his charge to the jury, seemed to recognize the awkwardness of his position.  "The present trial judge was not here during the trial of these cases, as you, of course, know, and had not the opportunity to hear and see the witnesses, as their testimony was given from the stand in these cases. He has had to rely, squarely, upon a reading of the transcript of the notes of testimony.  It may be that even the reading of that transcript of the testimony has not enabled the trial judge to apprehend all of the involvements in these cases, with the same degree of understanding that he might have enjoyed if testimony had been presented to him from the witness stand and in a more leisurely manner than just the mere reading of the transcript of the notes."

The attorney for the Commonwealth referring to the cases, in appellant's brief, above cited, seeks to point out some difference between them and the present case.  It is very rarely the fact that two cases are exactly alike, but one thing is sure that a reading of these cases definitely points one to the conclusion that the substitution of one judge to finish a case that had been attached by another in which an indictable offense is charged renders the entire proceeding nugatory.  In this case as in all similar ones where a change is endeavored to be made in the law, resort is had to the argument that no harm is shown to have been done to the defendant.  No one knows that.  As pointed out before there can be no proof to that effect. It is sufficient to say that the act is an invasion of his rights, and there is a possibility of injury.  It is our

duty to consider this question from the standpoint of the defendant whose rights must be preserved, even if the result is a repetition of the arduous work of hearing the same case, which necessarily will involve a large expenditure of time and effort.

The judgment of the lower court is reversed and a new trial is ordered.