Commonwealth *v.* Clay, Appellant.

*Richard Albert* and *Jonathan Miller,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*James J. Wilson, James T. Ranney* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAULDING, J., June 14, 1973:

Appellant Walter Clay was convicted of aggravated robbery by Judge John A. CHERRY, specially presiding, sitting without a jury in the Court of Common Pleas of Philadelphia. Immediately after finding appellant guilty, Judge CHERRY deferred sentencing pending the filing of post-trial motions and the receipt of a pre-sentence investigation. Appellant was then released on his pre-trial bail pending sentencing. When appellant appeared for sentencing some six months later, it was not Judge CHERRY, but rather Judge Ethan Allen DOTY, who sentenced him.

Appellant attacks this substitution of judges at sentencing and seeks a re-sentencing. Ordinarily, both parties to a criminal proceeding are entitled to have the same judge preside over the receipt of evidence and sentencing.

"[T]he practice of substituting judges to hear motions for a new trial, suspending of imposing sentence should be confined solely to cases of necessity. The parties to the litigation, which includes the Commonwealth, ordinarily possess an undoubted right to have the judge who heard the evidence and witnessed all

that took place in the courtroom, help to decide the motion, pass judgment, suspend or impose sentence. The sentencing or suspension thereof of a person convicted of a crime is a judicial act of serious import in the administration of justice, and can only be performed by the judge who tries the case, except in cases of *imperative necessity* .... In no event should a substitution or replacement after verdict ever be permitted except under *unavoidable* circumstances, such as sickness, impossibility to act, or other substantial cause which would make the continuance of the trial judge's presence impossible." *Commonwealth v. Thompson,* 328 Pa. 27, 31, 195 A. 115 (1937). (Emphasis added.) We find this standard commendable and consider the general proscription against the substitution of judges at sentencing to be especially important in situations where, as here, the defendant took the stand. This has maximized the trial judge's exposure to the defendant's demeanor and may provide additional factors upon which to base a proper disposition. See A.B.A. Standards, Relating to Sentencing Alternatives and Procedures, §5.1(a) (Approved Draft, 1968).

Nothing in the record indicates the reasons for Judge CHERRY's inability to preside at appellant's sentencing with the resultant substitution of judges. The fact that he may have been in his home county at the time of sentencing does not rise to the level of "compelling" or "unavoidable" circumstances which would create the "imperative necessity" for a substitution of judges, particularly where the defendant is free on bail pending sentencing. We see no reason why a judge who can travel to a distant county to preside specially at trial cannot also return for sentencing.

In the instant case, however, appellant's counsel, as admitted in appellant's brief, failed to object to the substitution of judges at sentencing. We deem this to

be a waiver and bar to our reviewing this contention on appeal.

The judgment of sentence is affirmed.