Commonwealth *v.* Rhoads, Appellant.

Argued December 3, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

Before KEIM, J., specially presiding.

*D. M. Masciantonio,* for appellant.

*Maxine J. Stotland,* Assistant District Attorney, with her *David Richman* and *James T. Ranney,* Assistant District Attorneys, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., April 3, 1974:

Appellant and a co-defendant entered guilty pleas on April 19, 1973 to two charges of aggravated robbery before the Honorable Earl S. KEIM, specially presiding. Both were scheduled for sentence before Judge KEIM on April 19, 1973. Because of a procedural problem, however, the appellant was prevented from appearing before Judge KEIM, who sentenced the co-defendant to four to eight years imprisonment. Subsequently, appellant appeared before the Honorable Ethan Allen DOTY who imposed a sentence of six to twenty years. At no time did appellant file an objection to Judge DOTY's imposing sentence.

Appellant contends that the substitution of judges at the sentencing was prejudicial error. We agree that "[t]he sentencing or suspension thereof of a person convicted of crime is a judicial act of serious import in the administration of justice, and can only be performed by the judge who tries the case, except in cases of imperative necessity." *Commonwealth v. Thompson,* 328 Pa. 27, 31, 195 A. 115 (1937). Where, however, as in the instant case, there is no objection to the substitution of judges at sentencing, the issue is deemed to be waived for purposes of appellate review. *Commonwealth v. Clay,* 224 Pa. Superior Ct. 461, 307 A. 2d 341 (1973).

The judgment of sentence is affirmed.

---

CONCURRING OPINION BY SPAETH, J.:

I join in Judge HOFFMAN's opinion because I agree that defense counsel should have noted an objection if he had one. The review of sentences is peculiarly difficult, and counsel have a comparable responsibility to make a complete record. *See Commonwealth v. Shoemaker,* 226 Pa. Superior Ct. 203, 313 A. 2d 342 (1973); *and cf. Commonwealth v. Martin,* 226 Pa. Superior Ct. 181, 313 A. 2d 264 (1973). I file this separate

opinion because I regard the procedure adopted in this case to be most undesirable. There was no showing of "necessity," much less of "imperative necessity," for appellant to be sentenced by a judge different from the trial judge. If Philadelphia is to continue with the practice of having criminal cases tried by judges from other counties, a rule should be adopted, either locally or by the Supreme Court, requiring that the record reflect the circumstances constituting the imperative necessity of proceeding without the trial judge. The rule should also require such colloquy as will ensure that the defendant understands the situation, and, if there is no imperative necessity, agrees to be sentenced by other than the trial judge.