Commonwealth *v.* Ellis, Appellant.

520

Submitted March 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Leonard Sosnov* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*James J. Wilson, David Richman,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 23, 1974:
Judgment of sentence affirmed.

———

CONCURRING OPINION BY SPAETH, J.:
Although appellant was tried before The Honorable EARL S. KEIM of the Court of Common Pleas of Westmoreland County, he was sentenced by The Honorable ETHAN ALLEN DOTY, the Administrative Judge of the Trial Division of the Court of Common Pleas of Phila-

delphia. Appellant did not object to the substitution and has thereby waived his right to raise the matter on appeal. *Commonwealth v. Clay,* 224 Pa. Superior Ct. 461, 307 A.2d 341 (1973). Nevertheless, I wish to note again my objection to a procedure I find most undesirable. As I stated in concurring in *Commonwealth v. Rhoads,* 227 Pa. Superior Ct. 197, 199, 323 A.2d 249, 250 (1974) : "There was no showing of 'necessity', much less of 'imperative necessity,' for appellant to be sentenced by a judge different from the trial judge. If Philadelphia is to continue with the practice of having criminal cases tried by judges from other counties, a rule should be adopted, either locally or by the Supreme Court, requiring that the record reflect the circumstances constituting the imperative necessity of proceeding without the trial judge. The rule should also require such colloquy as will ensure that the defendant understands the situation, and, if there is no imperative necessity, agrees to be sentenced by other than the trial judge."