416 A.2d 99

**COMMONWEALTH of Pennsylvania**

v.

**Robert VAGNONI, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 12, 1978.

Filed Dec. 14, 1979.

Joseph W. Lonergan, Norristown, for appellant.

Robert A. Selig, Assistant District Attorney, Norristown, submitted a brief on behalf of the Commonwealth, appellee.

Before VAN der VOORT, WATKINS and MONTGOMERY, JJ.

WATKINS, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Montgomery County, Criminal Division, by the defendant-appellant, Robert Vagnoni, after conviction by a jury of violating 18 Pa.C.S.A. 4323(a)—failure to support a bastard child. The case was tried by Senior Judge Fred Davis sitting specially in Montgomery County. Posttrial motions were denied and another Judge not the trial judge sentenced him.

The complaint was filed June 9, 1975. The appellant was charged with violating 18 Pa.C.S.A. 4323(a). On September 24, 1975, the Grand Jury of Montgomery County indicted the defendant charging him with the aforementioned crime. On November 19, 1975, the Commonwealth filed a petition to extend the time for commencement of trial. On November 28, 1975, the petition was argued before the Honorable Richard S. Lowe.

On that date, Judge Lowe, entered the following Order:

"And now, this 28th day of November, 1975, upon consideration of written motion, this matter as against the defendant is dismissed with prejudice.

On the same day, defense counsel received notice to appear for trial on December 2, 1975. On December 3, 1975, the case was called to trial before the Honorable Fred Davis. A discussion occurred culminating in the attorneys being directed to seek clarification from Judge Lowe as to his intention in entering the Order of November 28th.

Judge Lowe then entered the following order:

"And now, December 3, 1975, the above Order is hereby clarified so as to make clear the intention of the Court that the dismissal is predicated upon the failure of the Commonwealth to bring the defendant to trial within 180 days mandated by Rule 1100. It was not intended that the trial time, i. e., be 180 days, was to be foreshortened."

As a result thereof, the case proceeded to trial before Judge Davis and a jury.

The appellant contends that 18 Pa.C.S.A. 4323 is unconstitutional because it applies only to fathers and therefore violates the 14th Amendment to the United States Constitution and the Equal Rights Amendment to the Pennsylvania Constitution.

■ 18 Pa.C.S.A. 4323(a) defines the substantive offense as follows:

"(a) Offense defined—A person is guilty of a misdemeanor of the third degree if he, being a parent, willfully neglects or refuses to contribute reasonably to the support and maintenance of a child born out of lawful wedlock, whether within or without this Commonwealth."

This section is independent of the balance of the act and is severable. The statutory construction act of December 6, 1972, P.L. 1339, No. 290, Sec. 3; 1 Pa.C.S.A. § 1902 states the word "he" shall refer to women as well as men as does the word "person." There is no constitutional defect.

■ It appears from the record that an order dismissing the indictment was signed by the court below on November 28, 1975 and substantively amended by the same court on December 3, 1975. Such amendment is permissible as it was within the same term of court and as amended reflects the true intent and authority of the court. The first order being handed down before 180 days had run under Rule 1100 and the amended order corrected this mistake.

■ The appellant next claims his right to due process was violated by his receiving only five days notice of trial. The record indicates that he was represented by private counsel from the time of the preliminary hearing, that he was pressing for enforcement of Rule 1100, and that a motion for

continuance was not made. In view of the above, it appears that the notice was reasonable. *Commonwealth ex rel. Johnson v. Russell*, 428 Pa. 440, 239 A.2d 399 (1968).

Lastly, appellant contends that he is entitled to be sentenced by the trial judge and not another judge as was done here. Appellant was tried by Judge Davis sitting specially, but was sentenced, over objection, by Judge Davenport. *Pennsylvania Rule of Criminal Procedure* states:

> "(a) Except as provided in paragraph (b) the judge who presided at the trial or received the plea of guilty or nolo contendere shall impose sentence unless there are extraordinary circumstances which preclude his presence. In such event, another judge shall be assigned to impose sentence."

■ In this case no extraordinary circumstances have been shown. Judge Davis wrote the opinion disposing of post-trial motions and conducted all required action by the trial judge except the imposition of sentence. Rule 1401 cannot be ignored. The position of this court has been stated clearly in *Commonwealth v. Rhoads*, 227 Pa.Super. 197, 323 A.2d 249 (1974).

Sentence of the court below is set aside and this case is remanded to the court below for sentencing by the trial judge.