487 A.2d 40

**COMMONWEALTH of Pennsylvania**

v.

**George W. BECKER, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 24, 1984.

Filed Jan. 18, 1985.

---

468

Alan M. Cashman, Hanover, for appellant.

Thomas L. Kearney, III, Assistant District Attorney, York, for Commonwealth, appellee.

Before SPAETH, President Judge, and CIRILLO and CERCONE, JJ.

SPAETH, President Judge:

This is an appeal from an order denying a motion for a new trial on the ground of after-discovered evidence. The order was entered by a judge other than the trial judge. This was contrary to Pa.R.Crim.P. 1123(e). We therefore remand for further proceedings before the trial judge consistent with this opinion, with this court retaining jurisdiction meanwhile.

On January 18, 1982, a jury, with MILLER, J., presiding, found appellant guilty of driving under the influence of alcohol or controlled substance. 75 Pa.C.S. § 3731(a).[1] The evidence against appellant included the results of a breathalyzer test. Some two and a half months after sentencing,

1. This provision has since been amended by Act of Dec. 15, 1982, P.L. 1268, No. 289, § 9, 75 Pa.C.S. § 3731.

appellant filed a petition for new trial on the ground of after-discovered evidence, alleging that "subsequent to [his] conviction and sentence ... and after the expiration of the time for filing post-trial motions," evidence was discovered of a design defect in the type of device used in administering the breathalyzer test, of such severity as to cause the State police to stop using the device. Petition, para. 3. The trial court, by RAUHAUSER, J., entered an order denying the petition without hearing or opinion. Appellant then filed a notice of appeal. In response, Judge MILLER filed a memorandum stating that he expressed no opinion as to the merits of the appeal because it was not from an order that he had entered as trial judge. Memorandum by MILLER, J., February 2, 1983.

Pa.R.Crim.P. 1123(a) states generally that post-verdict motions must be filed within ten days after a finding of guilt. However, this general requirement is immediately qualified by subsection (d) of Rule 1123, which states:

> A motion for a new trial on the ground of after-discovered evidence must be filed in writing *promptly after such discovery.* If an appeal is pending, the court may grant such motion only upon remand of the case.
>
> (Emphasis added.)

In the usual case, after-discovered evidence will not be discovered until more than ten days after a finding of guilt. Nevertheless, a motion for new trial on the ground of after-discovered evidence may be filed, so long as it is filed "promptly." Here, we do not know whether appellant's motion for new trial on the ground of after-discovered evidence was, or was not, filed "promptly". The reason we do not know is because, as we have mentioned, the trial court, by RAUHAUSER, J., denied the motion without hearing or opinion. Since Rule 1123(e) provides that "[t]he trial judge shall determine whether post-verdict motions shall be argued before himself alone or before a panel sitting as a court *en banc....*", we shall remand this case so that Judge MILLER, who was the trial judge, may determine, first, whether appellant's motion for new trial on

470

the ground of after-discovered evidence was timely filed within Pa.R.Crim.P. 1123(d), and second, if it was, whether a new trial should be granted. *See Commonwealth v. Valderrama*, 479 Pa. 500, 388 A.2d 1042 (1978); *Commonwealth v. Mosteller*, 446 Pa. 83, 284 A.2d 786 (1971). Pending Judge MILLER's determination, we shall retain jurisdiction of the appeal.

So ordered.