J-A25035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THEODORE ROGERS | : | |
| | : | |
| Appellant | : | No. 1249 WDA 2021 |

Appeal from the Judgment of Sentence Entered September 21, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0006040-2020

BEFORE:  KUNSELMAN, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:     **FILED: NOVEMBER 29, 2022**

Theodore Rogers (Appellant) appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas after his non-jury convictions of simple assault, harassment, defiant trespass, and disorderly conduct.[1]  Appellant challenges the sufficiency of the evidence, asserting the Commonwealth did not sustain its burden to support the conviction of simple assault, and in the alternative challenges the legality of his sentence, arguing there was insufficient evidence to support the grading of simple assault as a misdemeanor in the second degree.  For the reasons below, we affirm.

We glean the underlying facts of the case from the trial court opinion:

[O]n July 3, 2020, [Appellant] entered the Hello Bistro restaurant on Forbes Avenue and Wood Street [in Allegheny County, Pennsylvania,] without wearing a mask, in violation of the

_____

[1] 18 Pa.C.S. §§ 2701(a)(1), 2709(a)(4), 3503(b)(1)(i), 5503(a)(1).

restaurant's pandemic mask policy at the time. Andrew Craig [(Victim)], the restaurant's general manager, informed [Appellant] of the mask policy and told [him] that he would have to leave the restaurant if he did not wear a mask. [Appellant] nevertheless "refused to put a mask on." [Victim] informed [Appellant] that he was going to call the police if [he] did not put a mask on or leave the restaurant. [Appellant] said to "go ahead" and "call the police" because he was not leaving. [Victim] turned to his shift manager who was in the kitchen and said, "if he does not leave, go ahead and call the police."

[Appellant] began "yelling obscenities at the shift manager, calling him a fag" and swearing at both the shift manager and [Victim. Appellant] then attempted to come behind the line that denoted the employee only area. As he approached the cash register, he stated that he was "going to get his money out of the register." [Victim] pushed [Appellant] back to prevent him from entering the unauthorized area and accessing the cash register, and [Appellant] pushed him back. [Victim] told [Appellant] that he was not permitted behind the line, and [Victim] testified that he "was emphatically telling [Appellant] to leave."

[Appellant] remained in the restaurant despite [Victim] asking him multiple times to leave, so the police were notified. [Victim] continued trying to get [Appellant] to leave while also trying to stall until the authorities arrived. In his effort to stall, [Victim] retained possession of [Appellant's] water bottle. At one point, [Victim] placed his hand on [Appellant's] back as he was trying to calm him down and get him to exit the store. [Appellant] refused to leave the restaurant, stating to [Victim] at some point during the confrontation that he wanted his money back, although he had not ordered anything. At another point, [Appellant] told [Victim] that he was going to make his own salad, which is not the restaurant's model. [Victim] told [Appellant] that he could not make his own salad and that he had to leave the premises.

As [Victim] continued waiting for police to arrive, [Appellant] tried for a second time to enter the unauthorized area behind the line. [Appellant] "ended up bumping chests" with [Victim] at this point because [Victim] "wasn't letting [Appellant] get past [him] down [the] line there." While "mutual contact" was made initially with the chest bumping, [Appellant] then punched [Victim] in the arm with a "closed fist." [Victim] "swung back and hit [Appellant] in the stomach." [Appellant] "swung" at [Victim's] head, leading [him] to duck and turn away. As [Victim] was

- 2 -

ducking and turning, [Appellant] grabbed him and pulled him down, twisting him in such a way that he injured [Victim's] knee as a result. [Victim] sought medical attention at the time of the injury, and, at the time of trial, he was still experiencing pain from the injury and required the assistance of a knee brace.

Trial Ct. Op., 2/22/22, at 2-5 (record citations omitted).

Appellant was subsequently charged with simple assault, harassment, defiant trespass, and disorderly conduct. This matter proceeded to a non-jury trial on March 10, 2021,[2] where Victim and Pittsburgh Police Officer Nicholas Eritz testified to the events above. *See* N.T. Non-Jury Trials at 48-66. The Commonwealth also presented surveillance videos from the restaurant depicting the incident at trial.

Appellant then testified that on July 3, 2020, "around 1:30 or 2:30 [p.m.,]" he went into Hello Bistro to ask for a straw and got into a verbal argument with an employee. N.T. Non-Jury Trials at 67-69. Appellant returned to Hello Bistro between 5:00 and 5:30 p.m. because he "fe[lt] bad" and wanted to "go back and apologize." *Id.* at 70. When Appellant went back to the restaurant, he and Victim began verbally arguing and Victim took Appellant's water bottle. *Id.* at 73-74. Appellant stated Victim never asked him to put a mask on. *Id.* at 72. During the argument, Appellant attempted to go behind the counter two times, causing the verbal argument to escalate. *Id.* at 74-77. When asked if he "punched" Victim, Appellant stated, "I don't

---

[2] Appellant was also charged at a separate docket with, *inter alia*, retail theft for an unrelated incident on June 28, 2020. *See* N.T. Non-Jury Trials, 3/10/21, at 3, 13. The trial court addressed both incidents in a single trial. *See id.* at 3, 46.

think I ever swung at him. I think I just slammed him to the ground, pushed him to the ground a little bit because he was like hurting me. He swung at me. . . ." *Id.* at 77. Appellant presented additional video evidence which he filmed on his cellphone.

The trial court found Appellant guilty of all charges. At the September 21, 2021, sentencing hearing, the trial court graded Appellant's simple assault conviction as a second-degree misdemeanor, and imposed a term of 11 and one half to 23 months' incarceration in the Allegheny County Jail with permission for alternative housing. The court imposed no further penalty on the remaining charges at this docket.[3] This timely appeal follows.[4]

Appellant raises the following issues on appeal:

1. Was the evidence insufficient to sustain the conviction at Count 1 – simple assault, as [Appellant] acted in self defense when he pushed [Victim]?

2. Did the trial court abuse its discretion in grading Count 1 – simple assault at the second-degree misdemeanor level, as the evidence established that the offense was committed "in a fight or scuffle entered into by mutual consent," meaning that a third-degree misdemeanor grading was required?

Appellant's Brief at 5.

---

[3] The trial court sentenced Appellant on several dockets at his September 21st sentencing hearing, where he received time served on multiple violation of probation charges in addition to his sentence for simple assault. N.T. Sentencing, 9/21/21, at 15-17.

[4] Appellant complied with the trial court's order to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

As Appellant's first claim concerns the sufficiency of the evidence, we note the following:

> The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Colon-Plaza*, 136 A.3d 521, 525-26 (Pa. Super. 2016) (citation omitted). An individual commits the crime of simple assault when he "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]" 18 Pa.C.S. § 2701(a)(1). Bodily injury is defined as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301.

In his first claim, Appellant avers that he acted in self-defense after Victim "repeatedly and forcefully shoved him[.]" Appellant's Brief at 16-17. Appellant maintains that Victim "initiated all of the physical contact" and "the surveillance videos . . . did not show [Appellant] hitting [Victim] at any time." *Id.* at 16, 20. Appellant contends that Victim's actions "were clearly meant

to cause [Appellant] to fear for his safety." *Id.* at 20. As such, Appellant insists his failure to leave the restaurant and his physical response did not cause him to "forfeit a claim of self-defense" since he was only using "such force . . . necessary" to prevent harm to himself. *Id.* at 21.

When a person claims they employed use of force in self-defense, they must only use such force that is "immediately necessary for the purpose of protecting [themselves] against the use of unlawful force by such other person on the present occasion." 18 Pa.C.S. § 505(a). The use of force in self-defense is not justifiable "to resist force used by the occupier or possessor of property or by another person on his behalf, where the actor knows that the person using the force is doing so under a claim of right to protect the property[.]" 18 Pa.C.S. § 505(b)(1)(ii). After a defendant presents evidence of self-defense, the burden is on the Commonwealth to disprove the defense beyond a reasonable doubt. *See Commonwealth v. Torres*, 766 A.2d 342, 345 (Pa. 2001) (citations omitted).

In the instant case, the trial court concluded there was "no question that a simple assault occurred" when Appellant "punched [Victim], then grabbed and pulled him down to the ground" which caused Victim to sustain an injury. Trial Ct. Op. at 7. It opined further that Appellant was not acting in self-defense:

> Given the overall context in which the chest bump took place and considering that it was a lesser form of contact than the initial push [Victim] employed the first time [Appellant] tried to get behind the line, [Appellant] could not reasonably have believed that he was in danger when he escalated the situation by punching

[Victim]. It is also worth noting that [Appellant's] use of force was employed during a time that [his] status at the restaurant was that of a trespasser since he had been asked to leave numerous times before he punched [Victim]. Accordingly, since [Appellant] escalated the situation, provoked the attack, failed to retreat despite his ability to do so with complete safety, and used an unreasonable amount of force, the evidence was sufficient to establish beyond a reasonable doubt that [Appellant] did not act in self-defense.

*Id.* at 10. We agree.

Based on the evidence presented, including the video surveillance depicting the incident, the trial court came to a reasonable conclusion that it was not necessary for Appellant to employ force in his encounter with Victim. *See* Trial Ct. Op. at 10. Victim, acting on behalf of "the occupier or possessor of property," pushed Appellant out from a prohibited area of the restaurant and asked him to leave the premises multiple times for violating restaurant policy. *See* 18 Pa.C.S. § 505(b)(1)(ii); *see also* N.T. Non-Jury Trial at 50-54.

Appellant's entire argument is premised upon the assertion that the trial court should have credited his version of events over Victim's, thus establishing he acted in self-defense. *See* Appellant's Brief at 16-17, 20. While Appellant asserted that he was defending himself in this situation, the trial court credited Victim's testimony that Appellant attacked him. *See* Trial Ct. Op. at 13; N.T. Non-Jury Trial at 85-86. Further, the trial court expressed it did not find Appellant's version of events credible. *See* Trial Ct. Op. at 10 (Appellant "could not have reasonably believed that he was in danger . . ."). We remind Appellant that the trial court, which sat as fact-finder in this non-

jury trial, was free to believe all, part, or none of the evidence presented. ***See Colon-Plaza***, 136 A.3d at 526. "[W]e may not weigh the evidence and substitute our judgment for that of the fact-finder[.]" ***Id.*** at 525. Rather, our role is to consider, in light of the fact-finder's credibility determinations, whether there was sufficient evidence to support the verdict. ***See id.*** We conclude there was. Thus, viewing the evidence in the light most favorable to the verdict winner, the Commonwealth established that Appellant did not act in self-defense. ***See id.***; ***Torres***, 766 A.2d at 345. No relief is due.

In his second claim, Appellant argues that the trial court erred in grading his conviction for simple assault as a misdemeanor in the second degree. Appellant's Brief at 25. Instead, Appellant maintains his conviction should have been graded as a third-degree misdemeanor because he and Victim entered the fight by mutual consent. ***Id.*** Appellant contends Victim "used one arm to push [him] even though he was not in the employee area of the restaurant[,]" which started a "mutual scuffle[.]" ***Id.*** at 28-29. Appellant avers that contrary to the trial court's conclusions, the video surveillance demonstrates he was not the aggressor and Victim initiated all physical contact. ***Id.*** at 29.

Preliminarily, we note that simple assault is graded as a second-degree misdemeanor "unless committed . . . in a fight or scuffle entered into by mutual consent," making it a third-degree misdemeanor. 18 Pa.C.S. § 2701(b)(1). "Mutual combat infers that both parties 'agreed' to fight and that

there was no aggressor." ***Commonwealth v. Cannon***, 563 A.2d 918, 922 (Pa. Super. 1989) (citation omitted).

As part of this claim, Appellant also asks this Court to "clarify how to raise a claim that [a third-degree misdemeanor] grading for Simple Assault is needed and who carries the burden of proof." Appellant's Brief at 27. He asserts that in ***Commonwealth v. Hodges***, 193 A.3d 428 (Pa. Super. 2018), this Court stated "a defendant carries the burden at sentencing to prove [by a preponderance of the evidence] the application of . . . mutual consent under [Section] 2701(b)(1)" to lower the grading of the offense to a third-degree misdemeanor. ***Id.*** at 26 (quotation marks omitted), *citing* ***Hodges***, 193 A.3d at 434 n.3. Appellant avers this discussion "appears to be dicta" and the ***Hodges*** Court "held that this claim did not implicate the legality of sentence" nor was it properly raised under a sufficiency claim. Appellant's Brief at 26.

We conclude ***Hodges*** is distinguishable from the present facts. The appellant in ***Hodges*** asserted his conviction for simple assault was improperly graded, arguing there was no factual finding by the **jury** that the fight was entered **without** mutual consent. ***Hodges***, 198 A.3d at 433. This Court noted the Commonwealth held no burden to **disprove** mutual consent to sustain a conviction for simple assault. ***Id.*** Here, Appellant is arguing he presented sufficient evidence to establish the fight was entered into by mutual consent and the **trial court** erred in grading the offense improperly. Appellant's Brief at 35. While ***Hodges*** addressed the challenge to the grading of the offense under both a sufficiency and illegal sentencing rubric, it

concluded the appellant's claim failed under both frameworks. However, as the Commonwealth points out in its brief, this Court has clarified "the proper grading of an offense is a challenge to the legality of a sentence." ***See*** Commonwealth Brief at 22, *citing* ***Commonwealth v. Weimer***, 167 A.3d 78 (Pa. Super. 2017) (citation omitted). As such, we review this claim as a challenge to the legality of sentence.

"Issues relating to the legality of a sentence are questions of law[.]" ***Commonwealth v. Diamond***, 945 A.2d 252, 256 (Pa. Super. 2008). Either the defendant or the Commonwealth may appeal the legality of the sentence as of right. 42 Pa.C.S. § 9781(a). ***See also Commonwealth v. Edrington***, 780 A.2d 721, 723 (Pa. Super. 2001) (maintaining legality of sentence claims cannot be waived, where reviewing court has proper jurisdiction). When reviewing a challenge to the legality of a sentence, the "standard of review over such questions is *de novo* and our scope of review is plenary." ***Diamond***, 945 A.2d at 256. Where no statutory authorization exists for a particular sentence, that sentence is illegal and must be vacated. ***Commonwealth v. Pombo***, 26 A.3d 1155, 1157 (Pa. Super. 2011) (citation omitted).

As the ***Hodges*** Court opined, the Commonwealth has no burden under Section 2701(b)(1) "to disprove that the offending conduct occurred during a mutual fight or scuffle to establish a simple assault." ***Hodges***, 193 A.3d at 434 (citation omitted). This information is only relevant to the grading of the offense. ***Id.***

> [O]nce the Commonwealth proved [the defendant] committed a simple assault pursuant to subsection 2701(a)(1), the trial court had the discretion to grade that offense as a second or third[-]degree misdemeanor pursuant to the dictates of subsection 2701(b)(1) and sentence him accordingly.

*Id.* (citation omitted).

In the present case, Appellant presented evidence, as well as argument, that he and Victim entered into the physical altercation by mutual consent. *See* N.T. Non-Jury Trial at 77 (Appellant testifying that Victim pushed him and Appellant pushed Victim back), 78 (Appellant testifying that after Victim "swung at" him, he "pushed [Victim] to the ground"), 80 (Appellant testifying "I pushed [Victim] on purpose because he swung at me and he tried to . . . hurt me."), 83 (Appellant's counsel arguing that the altercation started by mutual consent and required a lower grading). However, the trial court concluded Victim was attempting to get Appellant to leave the employee area before Appellant "struck" him, "clearly" showing the offense was properly graded as a second-degree misdemeanor. *See* N.T. Non-Jury Trial at 86. The trial court also determined

> [W]hen viewed in the light most favorable to the Commonwealth, the evidence established that [Appellant] was the aggressor and that this was not a situation where [Appellant] and [V]ictim each decided to fight on their own accord. [Appellant's] violation of a private business's mask policy and . . . substantial resistance and repeated non-compliance escalated the situation to the point that a physical altercation ensued. [T]hat physical alteration was provoked by [Appellant's] closed fist punch. While "mutual contact" was made when [Victim] chest bumped [Appellant] after his second attempt to enter the unauthorized area, this was not an invitation to engage in a mutual scuffle; rather it was simply [Victim] trying to defend the employee area and prevent [Appellant] from accessing a prohibited area.

- 11 -

Trial Ct. Op. at 12-13 (quotation marks and citation omitted). We agree.

Upon our review of the record, including the surveillance video, we conclude the trial court's factual finding that Appellant was the aggressor and there was no mutual consent to engage in the altercation is reasonably supported by the record. **See** Craig, Andy - Order Station Video, at 2:35; Craig, Andy_Clip (1), at 1:00-1:30 (Victim motioning for Appellant to leave the restaurant and Appellant twice entering an employee only section); Craig, Andy - Order Station Video, at 5:35; Craig, Andy_Clip (1), at 1:35-1:37 (Victim pushing or chest bumping Appellant when he entered a prohibited area); Craig, Andy_Clip (1), at 2:53 (Victim ushering Appellant away from the employee only section before a physical altercation ensues); **see also** N.T. Non-Jury Trial at 54 (Victim testifying that after "bumping chests," Appellant hit him in the arm).

It was only after Victim asked Appellant to leave, which Appellant refused to do and instead attempted to go behind the restaurant counter, that Victim initiated physical contact with Appellant. Victim was merely attempting to get Appellant to leave the premises. Based on the evidence presented, the trial court could reasonably conclude that Appellant was the aggressor in the altercation and punched Victim. Appellant's claim rests on the contention that the trial court should have believed his version of events when determining the grading of his offense. **See** Appellant's Brief at 25, 28-29. However, the trial court credited Victim's testimony and stated it did not believe Appellant's version of events, which it was free to do. **See Colon-Plaza**, 136 A.3d at

526. Again, we remind Appellant that the trial court sat as fact-finder in this matter and evaluated the credibility of the evidence presented, a determination we will not reweigh on appeal. *See id.* at 526. Because the trial court's grading of the offense as a second-degree misdemeanor was proper, no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/29/2022