Hyman, Appellant, *v.* Borock.

Argued September 13, 1967.  Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (SPAULDING, J., absent).

*Samuel E. Kratzok,* for appellant.

*David Weinstein,* with him *Weinstein & Bobrin,* for appellees.

OPINION BY WRIGHT, J., November 16, 1967:

We are here concerned with an assumpsit action instituted on June 12, 1964, by Martin Hyman, trading as Martin Hyman Realty Company, against Joseph Borock and Ruth Borock, his wife, wherein the plaintiff sought to recover a commission of $1050.00 on the sale by defendants to Stephen J. Green and Zelda Green of premises at 661 Artwood Drive in the City of Philadelphia.  On June 22, 1964, an action was instituted by Bernard Klevan to recover a commission on the same sale.  The two actions were consolidated for

trial and were ultimately tried, February 9, 1966, before Judge THEODORE O. SPAULDING sitting without a jury. Without deciding the matter, Judge SPAULDING resigned his commission as a Judge of the County Court and became a member of the Superior Court.

The ensuing procedural history in the court below is thus stated in the opinion of President Judge BON- NELLY: "The record was turned over to the writer as President Judge of the County Court. After a careful study of the entire record and consultation with Judge SPAULDING, an adjudication was filed August 3, 1966 and a finding was entered in favor of the plaintiff, Klevan, against the defendants in the sum of $1050, with interest, and in the claim of Hyman a finding was entered for the defendants. Exceptions were filed and were dismissed by the Court en banc and judgment was entered on the findings". Hyman has appealed at No. 555 October Term 1967. The Borocks have filed a companion appeal at No. 576 October Term 1967.

We sympathize with the desire of the distinguished President Judge of the court below to effect disposition of these cases without further delay. However, the parties did not agree to such disposition and counsel promptly objected thereto. New trials must therefore be granted. Cf. *Cowsill v. Vipond Construction Co.,* 250 Pa. 32, 95 A. 317. We are clearly of the opinion that, in the absence of consent thereto, the substitution of another judge for the trial judge may not be approved where the testimony has been heard without a jury and the trial judge has not yet rendered a decision on the factual issues. "The facts of a case only partially appear in the transcript of the testimony": *Commonwealth v. Claney,* 113 Pa. Superior Ct. 439, 173 A. 840.

Judgment reversed with a venire.