## Ciaffoni, Appellant, v. Ford.

Argued November 14, 1967. Before ERVIN, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (WRIGHT, J., absent).

*James A. Ashton,* with him *Ashton, Stitt & Valaw,* for appellant.

*Robert L. Ceisler,* with him *Patrono, Ceisler & Edwards,* for appellee.

OPINION BY MONTGOMERY, J., January 16, 1968:

This is an appeal by the plaintiff in an action in replevin from a judgment in the defendant's favor entered in the Common Pleas Court of Washington County. The subject matter of the action was the ownership and identification of 22 head of cattle located on defendant's farm in Washington County, which farm was adjacent to that of the plaintiff. The case was tried initially before President Judge CHARLES G. SWEET without a jury from July 8, 1966 to July 26,

1966, with a decision (verdict) in the defendant's favor being entered by Judge SWEET on September 28, 1966. On October 7, 1966 a motion for a new trial was made by the plaintiff in which he asserted, as one of his reasons, that the trial judge had failed to reveal to the plaintiff before or during the trial that defendant's attorney, Robert L. Ceisler, Esq., was also Judge SWEET'S personal attorney in a lawsuit then pending in the Court of Common Pleas of Washington County.

The motion for a new trial was argued before the court en banc, consisting of President Judge SWEET, Judge McCUNE and Judge CURRAN, on November 10, 1966, with the result that the decision (verdict) was set aside and ". . . the record is referred to Judge ALEXANDER R. CURRAN for further action consistent with the Act of 1874,[1] *supra*."

In setting aside the decision of Judge SWEET the court en banc said that such action was being taken ". . . as a matter of grace and not as a matter of right." We agree. This record is entirely free from even the slightest suggestion of prejudice or impropriety on the part of the trial judge. We note also his statement that prior to the commencement of the trial he had disclosed that he was represented by Mr. Ceisler in another matter. Unfortunately this disclosure was not made part of the record in this case.[2] We see no good reason for the action of the court en banc in setting aside Judge SWEET'S decision although he agreed to such action. However, since no appeal was taken by either party we must accept it as binding.

The sole issue now before us is whether Judge CURRAN was privileged to make his own independent decision on the record made before Judge SWEET. Although

---

[1] April 22, 1874, P. L. 109, 12 P.S. §§688-689.

[2] We note further that plaintiff's original counsel withdrew from the case after filing the motion for a new trial but before it was argued.

the opinion of the court en banc clearly indicates its intention,[3] the order of January 10, 1967 merely sets aside Judge SWEET'S verdict and refers the record to Judge CURRAN ". . . for further action consistent with the Act of 1874, *supra.*" Thus we have the opinion indicating that Judge CURRAN might use the original record in coming to his independent decision, and the order, as we interpret it, authorizing him to disregard it and dispose of the case consistently with the Act of 1874. In *Hyman v. Borock,* 211 Pa. Superior Ct. 126, 235 A. 2d 621 (1967), which was not available to the lower court or counsel when the order under consideration was made, we declared that without the consent of the parties "the substitution of another judge for the trial judge may not be approved where the testimony has been heard without a jury and the trial judge has not yet rendered a decision on the factual issues." The same principle would apply to the present situation since it would be more objectionable to make such a substitution after the original judge had made a decision, because of the possible risk of having that decision affect that of the judge who was substituted.

We have searched this record to find any indication of consent on the part of the plaintiff to such substitution but have failed in our search. Although no appeal was taken from the order referring the case to Judge CURRAN, we cannot accept that fact as a consent to his disposition of the case on the original record for the reason previously stated, i.e., that under that order Judge CURRAN was privileged to try the case de novo.

On the contrary plaintiff, on May 12, 1967 petitioned Judge CURRAN to try the case de novo, which re-

---

[3] "Judge CURRAN will review the entire record, hear oral argument, and make either a general verdict or findings of fact (under the Act of 1874, *supra*) as requested by counsel. Because this duty will devolve on him, we make no comment on the merits of the case but only on the procedure."

476

futes the idea of consent. This motion was denied, and on June 28, 1967 Judge CURRAN rendered his decision on the original record without further hearing.

Although this appeal was taken from the judgment subsequently entered on that decision in the absence of any exceptions or objections to it, we must, with reluctance, hold that such failure to file exceptions was not fatal since the decision, in the absence of a consent to the substitution of judges, was a nullity under *Hyman v. Borock,* supra.

Therefore, the motion to quash the appeal is denied, the judgment for defendant is reversed, and a new trial awarded.