441 A.2d 379

**Joseph J. LABYODA, and Anna M. Labyoda, his Wife, Appellants,**

**v.**

**Donald STINE and Johanna Stine, his Wife.**

Superior Court of Pennsylvania.

Argued April 30, 1981.

Filed Feb. 5, 1982.

William J. Murray, Pittsburgh, for appellants.

Michael J. Seymour, Pittsburgh, for appellees.

Before CERCONE, President Judge and BROSKY and HOFFMAN, JJ.

CERCONE, President Judge:

This is an appeal from an order of the court *en banc* denying appellants' exceptions and making final the chancellor's decree *nisi*. We now reverse and remand for proceedings below not inconsistent with this opinion.

Appellants own a lot in Brentwood, Allegheny County, on which they had built a house. Appellees are the neighboring landowners, whose land lies approximately fifteen feet higher than appellants. Appellants filed a complaint in equity alleging damage to their property from large rocks, water and debris said to have come from appellees' lot. They sought either an injunction from the alleged damage or the chancellor's permission to enter upon appellees' land to rectify the alleged source of the harm, i.e. a steep grade at the property line. The original chancellor, then a common pleas judge now a Justice on the Pennsylvania Supreme Court, Justice John P. Flaherty, granted a rule to show cause why a preliminary injunction should not issue and set a time for a hearing on the matter. Appellees filed no responsive pleading but appeared at the hearing with counsel. The chancellor viewed the property, took testimony and admitted evidence while at the site. Before the chancellor could adjudicate the matter he ascended to the Pennsylvania Supreme Court. A year and a half after the hearing, Judge Papadakos ordered the parties to file briefs prior to the case's reassignment. Both sides filed briefs on January 16, 1980. Appellants contended in their brief that the court

should order the case reassigned to permit a different chancellor to conduct a view and hearing similar to the one held earlier by now Justice Flaherty. Also on January 16, 1980, appellees filed their answer, new matter and counterclaim to appellants' complaint of May 24, 1978. Appellants answered the new matter and counterclaim on January 28, 1980, denying all the allegations contained therein and demanding strict proof at trial. Although the new chancellor, Judge Papadakos, did hear oral arguments he refused to rehear the case. In the opinion accompanying the decree *nisi* the chancellor stated the following:

> . . . [A]lthough a rehearing would normally be required before a successor Chancellor could make findings of fact, the record is complete and the facts essential for a determination of the issues are not in dispute. Accordingly, we will forego the necessity of a rehearing and adjudicate the issues on the present record, including briefs submitted by counsel.

The new chancellor went on to make findings of fact and conclusions of law and to enter a decree *nisi* denying appellants the relief they sought and granting appellees the relief they sought under the counterclaim. Appellants filed exceptions contending *inter alia* that the chancellor had erred in deciding the case on the record and briefs, and should have held a rehearing before making findings of fact and entering the decree *nisi*. The exceptions were denied and the decree *nisi* made final. This appeal followed.[1]

It is clear from the state of the pleadings alone that the chancellor erred in concluding that the record before him was complete. When the hearing before the Judge, now Justice, Flaherty was held June 2, 1978 the court had before it only appellants' complaint in equity. At the time of the

1. Appellant has asserted several errors below, the merits of which we do not reach because of the disposition we make of the first assignment of error. Those assignments of error include questions as to whether the chancellor decreed a result outside the scope of the case, whether the appellees' counterclaim was barred by laches, whether the chancellor erred in disregarding the recommendations of a court appointed engineer, and whether the court's final decree erroneously "confirmed" the decree *nisi*.

hearing the appellees had not filed a counterclaim. Entirely lacking from the record, therefore, is any evidence as to the extent of damage to appellees' property later alleged in their counterclaim. Certainly it could not accurately have been said that there remained no factual questions in dispute.

Our decision in this case is controlled by *Hyman v. Borock*, 211 Pa.Superior Ct. 126, 235 A.2d 621 (1967). The procedural posture of that case was almost identical to the posture of the instant case. There Judge Spaulding, late of this Court, was the hearing judge. Before he could decide the case he ascended to the bench of this Court. The president judge of the Philadelphia County Court consulted with Judge Spaulding and then entered a finding for the plaintiff. We reversed. Writing for a unanimous Court Judge Wright stated:

> We symphathize with the desire of the distinguished President Judge of the court below to effect disposition of these cases without further delay. However, the parties did not agree to such disposition and counsel promptly objected thereto. New trials must therefore be granted. *Cf. Cowsill v. Vipond Construction Co.*, 250 Pa. 32, 95 A. 317. We are clearly of the opinion that, in the absence of consent thereto, the substitution of another judge for the trial judge may not be approved where the testimony has been heard without a jury and the trial judge has not yet rendered a decision on the factual issues.

*Id.*, 211 Pa.Super. at 128, 235 A.2d at 622. Likewise, in *Ciaffoni v. Ford*, 211 Pa.Superior Ct. 472, 237 A.2d 250 (1968), the lower court made a finding for the defendant which was set aside by the court *en banc* and the case reassigned to a different judge. The new judge relied on the record in the original hearing in reaching his decision, and he did so without the consent of the parties. Again we reversed, relying on *Hyman v. Borock*, as our authority. In both of those cases we disallowed a decision based on the record developed before a judge no longer sitting on the case where such a procedure was not consented to by the parties.

In both cases there were factual questions still in dispute.[2] Instantly, not only were there unresolved factual questions, but appellants have continually voiced their objection to the procedure followed herein. In light of *Hyman v. Borock, supra,* and *Ciaffoni v. Ford, supra,* we are constrained to reverse the decree of the lower court and remand the case for ·proceedings below not inconsistent with this opinion. Our jurisdiction is relinquished.

Reversed and remanded.

2. *Cf., Sherman v. Yoder,* 59 Pa.Commonwealth Ct. 430, 430 A.2d 347 (1981). (Factual questions not present).