606 A.2d 642

**Richard WASIOLEK, Appellant,**

**v.**

**CITY OF PHILADELPHIA, Orville W. Jones, Personnel Director and Edward G. Rendell, District Attorney, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Nov. 22, 1991.

Decided March 27, 1992.

Michael J. Malloy, for appellant.

Susan Shinkman, Divisional Deputy City Sol., for appellees.

Before CRAIG, President Judge, McGINLEY, J., and LORD, Senior Judge.

McGINLEY, Judge.

Richard Wasiolek (Wasiolek) appeals from an order of the Court of Common Pleas of Philadelphia County (common pleas court) issued September 27, 1989, by the Honorable Armand Della Porta (Judge Della Porta). The order in question denied Wasiolek's motion for a new trial and/or judgment N.O.V. or request for additur against the City of Philadelphia (City), Orville W. Jones (Jones) and Edward G. Rendell (Rendell) (collectively Appellees). We vacate and remand.

Wasiolek had been employed by the City as an Administrative Analyst II in the Office of the District Attorney from July, 1979, until July, 1981, when funding was no longer available for his position. Wasiolek was laid off, but, in contravention of the Philadelphia Civil Service Regulations (Regulations), his name was not placed on a layoff list and he lost priority for selection to future openings for Administrative Analyst II's. Due to this omission no names were placed on the layoff list for Administrative Analyst II from July 25, 1981, when Wasiolek was laid off, until October 13, 1981, when Wasiolek alerted the Personnel Department to the omission of his name. During the time Wasiolek's name was improperly omitted from the list, two Administrative Analyst II positions were filled by promotion from Administrative Analyst I positions. On October 20, 1982, the Philadelphia Civil Service Commission passed an amendment to Regulation 11.1, known as Regulation 11.182, which became effective December 17, 1982. The amendment allowed "in-service" promotions for employees to a higher classification despite the existence of layoff lists.

Wasiolek filed a complaint in equity alleging that Appellees violated provisions of the Philadelphia Home Rule Charter and the Regulations. A non-jury trial was held before Judge Julian F. King (Judge King) on January 15 and January 16, 1987. On January 20, 1987, Judge King was suspended from his duties by the Supreme Court of Pennsylvania. On February 10, 1987, Wasiolek petitioned the common pleas court to schedule a full rehearing. Wasiolek subsequently received Judge King's decision dated February 9, 1987, finding in favor of Wasiolek against the City in the amount of $33,501.36, and in favor of Jones and Rendell against Wasiolek. However, because Judge King had been suspended from his duties at the time he rendered his decision, Judge Edward J. Blake (Judge Blake) Administrative Judge of the Civil Division, reassigned the case to Judge Lawrence Prattis (Judge Prattis).

On April 21, 1987, Judge Prattis held a conference with counsel for Wasiolek and counsel for the City, during which he asked both sides to submit proposed findings of fact and conclusions of law based on the record developed before Judge King. Unfortunately there is no record of this conference, but none of the parties allege any noncompliance. On October 1, 1987, before Judge Prattis made any decision, the matter was reassigned to Judge Della Porta. Judge Della Porta held pre-trial hearings, and as a result scheduled a trial for December 29, 1987, to elicit further testimony, particularly that of Rita Dugan, an employee of the City of Philadelphia Personnel Department. Due to the unavailability of defense counsel, the trial was rescheduled for January 21, 1987. However, on January 11, 1987, before this trial could be held, Judge Prattis issued a verdict based on the record before Judge King, finding in favor of Wasiolek in the amount of $11,324.

Wasiolek filed post-trial motions requesting a new trial and/or judgment N.O.V. Wasiolek alleged that the common pleas court erred in rendering judgment based on the record before Judge King, that the common pleas court erred in rendering a decision on January 11, 1988, when the case had been reassigned as of that date, and that the verdict was against the evidence and the law. These motions were denied by Judge Della Porta on September 27, 1989. Wasiolek now presents the same allegations of error before this Court.[1]

This Court's scope of review in the appeal of a trial court's decision in equity is limited to determining whether the trial judge's findings are supported by substantial evidence, whether an error of law was committed, or whether the trial judge abused his or her discretion. *Northampton Area School District v. Skepton*, 138 Pa.Commonwealth Ct. 574, 576, n. 2, 588 A.2d 1020, 1022, n. 2 (1990).

---

1. Wasiolek also contends that the decision of the common pleas court is tainted by the appearance of conflict and impropriety due to the United States Attorney General's investigation of the court during the time his case was heard by Judge King; however, this point is not developed in his argument.

First, Wasiolek contends that a rehearing should have been held before Judge Prattis after Judge Blake's reassignment of the case. Wasiolek argues that it was improper for Judge Prattis to base findings on the credibility evaluations of witnesses he never saw testify.

■ The Pennsylvania Superior Court considered a similar situation in the case of *Hyman v. Borock*, 211 Pa.Super. 126, 235 A.2d 621 (1967), and determined that in the absence of the parties' consent, a court may not substitute another judge for the trial judge where the testimony has been heard without a jury and the trial judge has not rendered a decision on the factual issues. *Hyman* was followed in *Ciaffoni v. Ford*, 211 Pa.Super. 472, 237 A.2d 250 (1968), where the Superior Court considered a situation where the trial judge had rendered a verdict, but subsequently recused himself. The Superior Court determined that the substituted judge was not entitled to rely upon the record made before the first judge in the absence of evidence of consent from both parties. Although the present situation differs slightly from both situations above, it is apparent that Wasiolek is entitled to a rehearing; Judge King was unable to provide a valid verdict and Judge Prattis' verdict based upon a review of the record made before Judge King is not a satisfactory substitute for the verdict of a judge who has heard testimony.

Appellees argue that Wasiolek consented to Judge Prattis' consideration of the record before Judge King by submitting proposed findings of fact and conclusions of law based upon the record created before Judge King in accordance with Judge Prattis' direction. Neither party cites to a transcript of the conference where Judge Prattis issued this directive, and there is no indication in the record that such a transcript exists.

■ In the absence of a transcript, Appellees urge us to accept their contention that the submission of proposed findings of fact and conclusions of law in response to a judicial order operates as a consent to that judge's review

of the case based upon a record developed before another judge. We decline to make such an inference. At the time Wasiolek submitted his proposed findings of fact and conclusions of law, Wasiolek had already made his request for a new trial part of the record. Pennsylvania Rule of Civil Procedure 227(a) provides:

> It shall not be necessary on the trial of any action or proceeding to take exception to any ruling of the trial judge. An exception in favor of the party against whom the adverse ruling was made shall be deemed to have been taken with the same force and effect as if it had been requested....

By complying with Judge Prattis' request for proposed findings of fact and conclusions of law, Wasiolek did not consent to the denial of his request for a rehearing. It was a reasonable action at the time to avoid a citation for contempt.

Our resolution of Wasiolek's first issue makes decisions on the validity of Judge Prattis' verdict after the transfer of the case to Judge Della Porta and the sufficiency of the evidence unnecessary. The decision of Judge Prattis is vacated and the case is remanded for rehearing.

## ORDER

AND NOW, THIS 27TH DAY OF MARCH, 1992, we hereby vacate the September 27, 1989 order of the Court of Common Pleas of Philadelphia County denying post-trial motions in the above captioned matter and remand for a rehearing. Jurisdiction relinquished.