J-S22002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: N.H., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| APPEAL OF: J.H. | |
| | No. 1881 MDA 2015 |

Appeal from the Order Entered September 23, 2015
In the Court of Common Pleas of Susquehanna County
Juvenile Division at No(s): CP-58-DP-0000014-2014

| | |
|---|---|
| IN THE INTEREST OF: P.H., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| APPEAL OF: J.H. | |
| | No. 1902 MDA 2015 |

Appeal from the Order Entered September 29, 2015
In the Court of Common Pleas of Susquehanna County
Juvenile Division at No(s): CP-58-DP-0000015-2014

BEFORE: MUNDY, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED APRIL 20, 2016**

In these consolidated appeals, Appellant, J.H. (Father), appeals from

the September 23 and 29, 2015 orders finding

_____

[*] Retired Senior Judge assigned to the Superior Court.

aggravated circumstances existed against Father in the dependency cases of his daughters, N.H., born in February 2007, and P.H., born in March 2009.[1] After careful review, we affirm the trial court's September 29, 2015 order at 1902 MDA 2015 pertaining to P.H. Additionally, for the reasons set forth below, we dismiss Father's appeal at 1881 MDA 2015 pertaining to N.H.

The certified record reveals that the Children were adjudicated dependent by the Susquehanna County Services for Children and Youth (the Agency) on June 17, 2014. On July 16, 2015, while a petition for goal change to adoption was pending, the Agency filed a motion for a finding of aggravated circumstances against Father in the cases of N.H. and P.H., alleging that Father "has failed to maintain substantial and continuing contact with the child[ren] for a period of six months." *See* Motion, 7/16/15. A hearing occurred on September 23, 2015, during which Senior Judge Linda Wallach-Miller specially presided.[2] The Agency presented the testimony of its caseworker, Jolene Kelly, and Father testified on his own behalf.

---

[1] *See In re R.C.*, 945 A.2d 182, 184 (Pa. Super. 2008) (holding an appeal from an aggravated circumstances order "is an appeal as a right from a collateral order" pursuant to Pa.R.A.P. 313).

[2] In the interim, the permanency goal was changed to adoption on August 3, 2015.

That same day, at the conclusion of the hearing, the trial court entered an order finding aggravated circumstances against Father in N.H.'s case. On October 23, 2015, Father filed a timely notice of appeal and a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(a)(2)(i).

With respect to P.H.'s case, the certified record reveals that an order was also entered by Senior Judge Wallach-Miller on September 23, 2015, and on September 29, 2015, Senior Judge Brendan Vanston issued an amended order finding aggravated circumstances against Father. On October 28, 2015, Father filed a timely notice of appeal and a Rule 1925(a)(2)(i) statement. On December 2, 2015, this Court consolidated Father's appeals *sua sponte*. **See generally** Pa.R.A.P. 513.

On appeal, Father raises the following issue for our review.

> Whether the [t]rial [j]udge erred as a matter of law and committed an abuse of discretion by issuing an order making a finding of aggravated circumstances (the Amended Order filed September 29, 2015) when he did not preside over the aggravated circumstances hearing, the parties did not consent to him issuing the order, and there was not a transcript of the hearing available for review at the time that he issued the order?

Father's Brief at 2.[3]

_____

[3] Father does not assert any error with respect to the order finding aggravated circumstances against him in N.H.'s case. Accordingly, Father's appeal at 1881 MDA 2015 is dismissed.

We are guided by the following standard of review.

> [T]he standard of review in dependency cases requires an appellate court to accept the findings of fact and credibility determinations of the trial court if they are supported by the record, but does not require the appellate court to accept the lower court's inferences or conclusions of law. Accordingly, we review for an abuse of discretion.

*In re R.J.T.*, 9 A.3d 1179, 1190 (Pa. 2010) (citation omitted).

In his appeal involving P.H.'s case, Father argues that Senior Judge Vanston committed an abuse of discretion and an error of law by entering the September 29, 2015 amended order, without having presided over the hearing on the Agency's motion for a finding of aggravated circumstances or with the benefit of the hearing transcript. Father's Brief at 5. Further, Father asserts that the parties did not consent to Senior Judge Vanston issuing the amended order. *Id.* In support of his argument, Father relies on *Hyman v. Borock*, 235 A.2d 621 (Pa. Super. 1967), *Ciaffoni v. Ford*, 237 A.2d 250 (Pa. Super. 1968), and *Wasiolek v. City of Philadelphia*, 606 A.2d 642 (Pa. Cmwlth. 1992). In those cases, this Court and the Commonwealth Court determined that "in the absence of the parties' consent, a court may not substitute another judge for the trial judge where

the testimony has been heard without a jury and the trial judge has not rendered a decision on the factual issues."[4]  **Wasiolek**, **supra** at 644.

In response to Father's averments, the Agency explains as follows.

> For N.H., the [trial c]ourt found for aggravated circumstances against Appellant.  For P.H., the [trial c]ourt found for aggravated circumstances against Appellant; however, there were defects in the Order.

> First, the supposed date of the Order was October 23, 2015.  Next, under Section One entitled "Findings," the boxes making the specific findings, as were found in N.H.'s Order, were not checked.

> As a result, an Amended Order was prepared, correcting the date and checking the boxes as was done with N.H. The Order was signed by Senior Judge Brendan J. Vanston.

> In 2015, Susquehanna County was without a full-time judge.  Therefore, the County relied on the assignment of Senior Judges to handle the caseload for the year while the election process went forward for [the] current President Judge.

> For one year the County faced the reality of a court calendar that was uncertain at best.  Litigants could and would be notified a week before their hearing that there was no judge available.  Senior Judges would be available for a day or two and then not be back in the county for weeks or months or not at all.

---

[4] We note that "[t]his Court is not bound by decisions of the Commonwealth Court.  However, such decisions provide persuasive authority, and we may turn to our colleagues on the Commonwealth Court for guidance when appropriate."  **Petow v. Warehime**, 996 A.2d 1083, 1088 n.1 (Pa. Super. 2010) (citations omitted), *appeal denied*, 12 A.3d 371 (Pa. 2010).

> As a result, Senior Judge Brendan J. Vanston issued an amended P.H. Order that corrected the unintentional defects in the original P.H. Order.

Agency's Brief at 2-3.

Father acknowledges in his brief that Senior Judge Wallach-Miller issued two separate orders finding aggravated circumstances against him, one in N.H.'s case, and one in P.H.'s case.[5] Father states, "[a]fter the orders were issued, [Senior Judge] Vanston [ ] issued an 'Amended Order' finding that there was [sic] aggravated circumstances with respect to P.H." Father's Brief at 3.

We conclude that, because Father acknowledges that Senior Judge Wallach-Miller found aggravated circumstances against him in P.H.'s case, the case law he relies upon, as cited above, is not controlling. The General Assembly and our cases permit a trial court generally to enter an amended order to correct obvious typographical errors. **See** 42 Pa.C.S.A. § 5505 ("a court upon notice to the parties may modify or rescind any order within 30 days after its entry … if no appeal from such order has been taken or allowed[]"); **Stockton v. Stockton**, 698 A.2d 1334, 1337 (Pa. Super. 1997) (holding the trial court's "authority under 42 Pa.C.S.A. § 5505 to modify or

_____

[5] The order issued by Senior Judge Wallach-Miller finding aggravated circumstances against Father in P.H.'s case is not included in the certified record. However, Father included a copy of the order in his brief. **See** Father's Brief at Appendix A. Notably, the order finds, from clear and convincing evidence, aggravated circumstances against Father. **Id.**

rescind an order 'is almost entirely discretionary; this power may be exercised *sua sponte,* or may be invoked by a request for reconsideration filed by the parties, and the court's decision to decline to exercise such power will not be reviewed on appeal[]'") (citation omitted). Furthermore, Father does not assert prejudice as a result of the entry of the amended order, nor are we aware of any. Therefore, it follows that the trial court did not commit an abuse of discretion in this case. **See R.J.T.**, **supra**.

Based on the foregoing, we dismiss Father's appeal at 1881 MDA 2015, and conclude that Father's sole issue in his appeal at 1902 MDA 2015 is devoid of merit. Accordingly, the trial court's September 29, 2015 order is affirmed.

Appeal at 1881 MDA 2015 dismissed. Order at 1902 MDA 2015 affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/20/2016