J-A02020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ESTATE OF MICHAEL KIEFNER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: HOPE KIEFNER AND | : | |
| DIANA WIBLE | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 934 WDA 2017 |

Appeal from the Order June 9, 2017
In the Court of Common Pleas of Allegheny County
Orphans' Court at No(s):  No. 02-14-00502

BEFORE:  BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY OLSON, J.:                **FILED SEPTEMBER 11, 2018**

Appellants, Hope Kiefner and Diana Wible, daughters of Michael Kiefner ("Decedent"), appeal from the June 9, 2017 order dismissing their petition challenging Decedent's will.  We affirm.

The factual background of this case is as follows.  When Decedent was diagnosed with cancer, he did not notify Appellants or his former wife. Instead, an individual named Michael Albrecht ("Albrecht") cared for Decedent.  Later, Decedent's nephew, Charles O'Donnell ("Executor"), assumed caregiving responsibilities.  While Executor was caring for Decedent, Attorney Holly Deihl, whose firm was representing Decedent in a mesothelioma case, prepared Decedent's will.  Attorney Deihl, a notary public, and a third individual witnessed Decedent execute the will on December 3, 2013.  That will left Decedent's entire estate including, *inter*

*alia*, his mesothelioma claim, to Executor. Four days later, Decedent passed away.

The procedural history of this case is as follows. The Allegheny County Registrar of Wills granted letters testamentary to Executor and he sought to probate Decedent's December 3, 2013 will. Appellants objected and petitioned the trial court to block probate of the will. They argued that Executor used undue influence so that he would receive the entire estate. On February 17-18, 2015, the Honorable Lawrence J. O'Toole heard testimony and received evidence from the parties. On April 28, 2015, Judge O'Toole found that Appellants failed to satisfy their burden of proving undue influence and dismissed their petition.

On appeal, this Court vacated the dismissal order and remanded for further proceedings because the trial court erroneously precluded Appellants from introducing medical records they contend indicated that Decedent was unduly influenced to execute the challenged will. ***Estate of Kiefner***, 154 A.3d 848, 2016 WL 4938157, *6 (Pa. Super. 2016) (unpublished memorandum).

After this case was remanded, Judge O'Toole recused himself from further proceedings in this case. On remand, the Honorable Kathleen A. Durkin held an evidentiary hearing at which the medical records in question were admitted into evidence and social worker Mark Thompson ("Thompson")

testified. On June 6, 2017, Judge Durkin dismissed Appellants' petition and permitted Executor to probate Decedent's will. This timely appeal followed.[1]

Appellants present four issues for our review: [2]

1. Did [Judge Durkin] err by adopting the findings of fact and conclusions of law from [Judge O'Toole] prior to this case being reversed by th[is] Court?

2. Did the trial court err and abuse its discretion, both at [the] original trial and on remand, in failing to consider the unbiased and uncontroverted testimony from [] Albrecht?

3. Did the trial court err in not granting Appellant[s'] motion for directed verdict after remand as all evidence and testimony clearly showed that [Appellants were] entitled to judgment as a matter of law?

4. [Were] Appellants [] entitled to a directed verdict or judgment notwithstanding the decision of the trial court, both originally and on remand, as the facts, evidence[,] and testimony demonstrated Appellants were entitled to judgment as [Decedent was subject to undue influence during the preparation of his will?]

Appellants' Brief at 2-3 (complete capitalization omitted).

In their first issue, Appellants argue that Judge Durkin erred in adopting Judge O'Toole's findings of fact and conclusions of law. Appellants are judicially estopped from making this argument. Under the judicial

_____

[1] The trial court did not order Appellants to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b).

[2] Appellants listed five issues in their statement of questions presented; however, they concede that they waived their challenge to the admissibility of Thompson's testimony. Thus, we only list the issues Appellants contend they preserved. We have also re-numbered these issues for ease of disposition.

estoppel doctrine, a party is estopped from "assuming a position inconsistent with his or her assertion" earlier in the litigation "if his or her contention was successfully maintained." **Bienert v. Bienert**, 168 A.3d 248, 255 (Pa. Super. 2017) (citations omitted). In this case, Appellants argued before Judge Durkin "there is no reason to duplicate testimony as all testimony is sworn and on the record so no new trial is needed, but [you] must consider said testimony[.]" Brief in Support of Petitioners Pursuant to Order of Court Dated January 19, 2017, 1/27/17, at 7. Appellants successfully maintained this position before Judge Durkin who did not permit witnesses who testified before Judge O'Toole to testify a second time during proceedings on remand. Therefore, Appellants are judicially estopped from asserting their opening claim.[3]

Having determined that Appellants are judicially estopped from arguing that Judge Durkin was required to recall the witnesses who testified before Judge O'Toole, the remainder of Appellants' first argument must fail. This Court did not reverse Judge O'Toole's decision and remand with instructions to enter judgment in favor of Appellants. Instead, this Court vacated Judge O'Toole's decision and remanded for further proceedings

---

[3] Had Appellants not been judicially estopped from making this argument, their argument would be meritorious. **Cf. Labyoda v. Stine**, 441 A.2d 379, 380 (Pa. Super. 1982), citing **Hyman v. Borock**, 235 A.2d 621, 622 (Pa. Super. 1967) (fact-finder may not issue factual findings with respect to testimony given before a different trial judge if a party objects to that procedure).

consistent with the prior panel's memorandum. Judge Durkin had the authority to adopt any findings of fact she believed were supported by the record. She agreed with Judge O'Toole's factual findings; therefore, she adopted those findings of fact and issued additional factual findings related to the evidence presented at the April 19, 2017 hearing.

Appellants also argue that Judge Durkin applied the wrong legal standard to their undue influence claim. As this Court has explained:

> Once the proponent of the will in question establishes the proper execution of the will, a presumption of lack of undue influence arises; thereafter, the risk[s] of non-persuasion and the burden of coming forward with evidence of undue influence shift to the contestant. **The contestant must then establish, by clear and convincing evidence, a *prima facie* showing of undue influence by demonstrating that: (1) the testator suffered from a weakened intellect;** (2) the testator was in a confidential relationship with the proponent of the will; and (3) the proponent receives a substantial benefit from the will in question. Once the contestant has established each prong of this tripartite test, the burden shifts again to the proponent to produce clear and convincing evidence which affirmatively demonstrates the absence of undue influence.

*In re Staico*, 143 A.3d 983, 990 (Pa. Super. 2016), *appeal denied*, 166 A.3d 1221 (Pa. 2017) (citation omitted) (emphasis added).

Judge Durkin concluded that Appellants failed to prove, by clear and convincing evidence, that Decedent suffered from a weakened intellect. *See* Findings of Fact and Conclusions of Law, 6/9/17. Contrary to Appellants' repeated arguments, the burden did not shift to Executor. The burden of proof only shifts to a will proponent when the objector proves (among other things), by clear and convincing evidence, that the decedent had a

weakened intellect. *Staico*, 143 A.3d at 990 (citation omitted). Therefore, Judge Durkin applied the correct legal standard.[4] Hence, Appellants are not entitled to relief on their first claim of error.

In their second issue, Appellants argue that Judges O'Toole and Durkin erred in not crediting Albrecht's testimony.[5] Preliminarily, we note that Judge O'Toole's decision was vacated and, therefore, we only review Judge Durkin's order. Second, it is axiomatic that a fact-finder is not required to credit uncontradicted testimony. *McCloud v. McLaughlin*, 837 A.2d 541, 547 (Pa. Super. 2003) (citation omitted). Thus, although Appellants phrase their second issue as four distinct inquiries, it is only one question: did Judge Durkin abuse her discretion in issuing her findings of fact with respect to Albrecht's testimony. We may only reverse a trial court's factual findings if they are unsupported by the record. *Estate of Scarpaci*, 176 A.3d 885, 888 (Pa. Super. 2017) (citation omitted).

In this case, there was sufficient evidence for Judge Durkin to reject Albrecht's testimony. Specifically, Attorney Deihl testified that Decedent did not suffer from a weakened intellect. *See* N.T., 2/17/15, at 7. Moreover,

---

[4] Appellants incorrectly state that Judge Durkin required them to produce expert testimony. Judge Durkin did not reference expert opinions in her findings of fact and conclusions of law.

[5] Executor's argument that this issue is moot is wholly without merit. As explained above, Judge Durkin received evidence after remand and, therefore, could issue any factual findings she found appropriate.

Thompson, an individual responsible for authoring portions of the medical records that this Court ordered the trial court to consider on remand, testified that Decedent did not suffer from a weakened intellect. *See, e.g.* N.T. 4/19/17, at 13 (describing Decedent as tough to deal with but fully aware of his surroundings and understanding his medical condition); *id.* at 16 (Decedent expressly told Thompson that he was estranged from Appellants); *id.* at 20 (Decedent "understood what we were talking about."). Appellants rely on the fact that Albrecht was a neutral witness. Thompson was also a neutral witness. The trial court credited his testimony, along with Attorney Deihl's testimony, over Albrecht's testimony and we may not make a different credibility determination on appeal. Hence, Attorney Deihl's and Thompson's testimony was sufficient for Judge Durkin to make the disputed factual finding. Moreover, this Court previously rejected Appellants' argument that Judge O'Toole was required to expressly discuss Albrecht's testimony in his findings of fact and conclusions of law. *Kiefner*, 2016 WL 4938157 at *5. It naturally follows that Judge Durkin was similarly not required to discuss the testimony. Instead, she made an implicit factual finding, supported by the record, to credit Attorney Deihl's and Thompson's testimony over Albrecht's testimony. Accordingly, Appellants are not entitled to relief on their second claim of error.

Appellants third and fourth issues claim that Judges O'Toole and Durkin erred in denying their motions for directed verdict and judgment as a

matter of law. With respect to the motions filed prior to the first appeal in this case, the prior panel of this Court vacated Judge O'Toole's order dismissing the petition. Therefore, we may not review that determination. After this case was remanded, Appellants never filed a motion for judgment as a matter of law. Moreover, Appellants filed a single motion for a directed verdict (and a motion for reconsideration) **before** the April 19, 2017 hearing. That motion for directed verdict (and motion for reconsideration) was denied before the April 19, 2017 hearing. It is axiomatic that a motion for a directed verdict must be made at the close of all of the evidence. *Phillips v. Lock*, 86 A.3d 906, 918 (Pa. Super. 2014), *citing* Pa.R.C.P. 226(b). At the time Appellants filed their motion for a directed verdict, the record was still open. This Court's remand order required the trial court to conduct an evidentiary hearing so that it could admit into evidence the Forbes Hospice medical records. Hence, Appellants failed to preserve their third and fourth issues because they did not move for a directed verdict at the close of all of the evidence and they did not move for judgment notwithstanding the verdict following remand. **See Phillips**, 86 A.3d at 918; Pa.R.A.P. 302(a).

Order affirmed.

Judge Kunselman joins the memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  9/11/2018